# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN L. ALLEN,<br>DALE E. ALLEN,<br>and SANDRA B. ALLEN,<br><br>    Plaintiffs,<br><br>    v.<br><br>SWEPI, LP,<br><br>    Defendant. | No. 4:18-CV-01179<br><br>(Judge Brann) |

## MEMORANDUM OPINION

### NOVEMBER 8, 2018

Defendant SWEPI, LP, moved to dismiss the complaint filed by Plaintiffs Brian L. Allen, Dale E. Allen, and Sandra B. Allen. For the reasons that follow, that motion will be granted.

## I.   BACKGROUND

On July 18, 2008, the Allens signed a contract with East Resources, Inc., concerning 148 acres of the Allens' property in Tioga County, which land was targeted by East "for the purpose of exploring for, developing, producing[,] and marketing oil, gas[,] or other related substances."[1] The contract ("2008 Lease") stated that the Allens were to receive 12.5% of the proceeds realized from oil and

---

[1]   ECF No. 1-3 ¶ 1.

gas production on the subject property during a five-year period beginning August 30, 2010,[2] but indicated that the agreement was "made on the condition that within sixty (60) days from the Effective Date of this lease, [East] shall pay to the [Allens] the sum of Two Thousand Dollars ($2000.00) per acre for the first year."[3]

On March 28, 2009, the Allens and East signed an amendment to the 2008 Lease ("2009 Amendment") that increased the Allens' royalty to 14.5%.[4] This agreement, however, reduced the per-acre rental fee; specifically, it stated that "[East] shall pay [the Allens] . . . $150.00 per acre for [East's] option to make an additional payment of $1,500 per acre on or before [August 30, 2010] in order to make the Lease effective".[5]

In July 2010, East sent the Allens a check for $222,000, which amount would have satisfied the per-acre rental fee "option" outlined in the 2009 Amendment (148 acres x $1,500 per acre = $222,000).[6] A few days later, East stopped payment on that check, telling the Allens that it "was issued in error."[7] The Allens' repeated demands for replacement of that check were fruitless.

---

[2] *Id.* ¶ 3.

[3] *Id.* ¶ 6.

[4] *Id.* ¶¶ 7-8.

[5] *Id.* ¶ 7.

[6] ECF No. 1-8.

[7] *Id.*

On June 8, 2018, the Allens initiated the above-captioned action against SWEPI, East's successor in interest to the 2008 Lease and 2009 Amendment. Their complaint argues (1) that East's refusal to pay the $222,000 breached the express terms of the 2008 Lease and 2009 Amendment, as well as those contracts' implied covenants of good faith and fair dealing;[8] (2) that SWEPI is obligated to pay $222,000 to the Allens under the doctrine of promissory estoppel;[9] and (3) that the recording of the various lease agreements in Tioga County's Office of the Recorder of Deeds has unlawfully disparaged the Allens' title to their property.[10]

## II. DISCUSSION

### A. Standard of Review

When considering a motion to dismiss for failure to state a claim upon which relief may be granted,[11] a court assumes the truth of all factual allegations in the plaintiff's complaint and draws all inferences in favor of that party;[12] the court does not, however, assume the truth of any of the complaint's legal conclusions.[13] If a complaint's factual allegations, so treated, state a claim that is plausible – *i.e.*,

---

[8] Complaint (ECF No. 1) ¶¶ 21-61.

[9] *Id.* ¶¶ 62-65.

[10] *Id.* ¶¶ 66-69.

[11] Federal Rule of Civil Procedure 12(b)(6).

[12] *Phillips v. County Of Allegheny*, 515 F.3d 224, 228 (3rd Cir. 2008).

[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *See also Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3rd Cir. 2016).

if they allow the court to infer the defendant's liability – the motion is denied; if they fail to do so, the motion is granted.[14]

### B. Whether East Breached the 2008 Lease or 2009 Amendment

SWEPI argues that East did not breach the 2008 Lease or the 2009 Amendment because those agreements, construed together, did nothing but give East the option to lease 148 acres from the Allens—*i.e.*, they create an option contract between East and the Allens. This Court agrees.

Under Pennsylvania law, an option contract "is a contract to keep an offer open," and any obligation on the part of the party holding the right to accept the underlying offer arises only if he or she chooses to exercise that right.[15] The 2008 Lease, as amended by the 2009 Amendment, is this type of agreement. It did nothing more than give East the right to rent land from the Allens by tendering a specified payment ($222,000) before a specified date (August 30, 2010).[16] East's choice to not exercise that option, therefore, does not breach those agreements.[17]

---

[14] *Id.*

[15] *Warner Bros. Theatres v. Proffitt*, 329 Pa. 316, 319 (1938).

[16] *See* 2009 Agreement ¶ 7 ("[East] shall pay [the Allens] . . . $150.00 per acre for [East's] *option* to make an additional payment of $1,500 per acre on or before the [August 30, 2010] in order to make the Lease effective.") (emphasis added).

[17] It should be noted that the Allens do not argue that East failed to pay the $22,000 required (148 acres x $150 per acre) to keep the option open.

Count I, therefore, will be dismissed. Because this Court finds that amendment would be futile,[18] that dismissal will be with prejudice.

### C. Whether the Allens Can Prevail on their Claim Asserting a Breach of the Implied Covenants of Good Faith and Fair Dealing

SWEPI argues that the Allens' claim for breach of the implied covenants of good faith and fair dealing should be dismissed. This Court agrees.

As an initial matter, this claim is properly subsumed in the Allens' breach of contract claim.[19] Further, although the Allens' complaint states that this claim is based on East's recording of a "Declaration of Pooling and Utilization" in July 2010,[20] the Allens now argue that this claim is based on East's failure to pay $222,000 in August 2010.[21] As noted above, however, East had no obligation to exercise its option under the 2008 Lease and the 2009 Amendment. Its failure to do so, therefore, cannot constitute a breach of those agreements in any sense.

Count II, therefore, will be dismissed. Because this Court finds that amendment would be futile,[22] that dismissal will be with prejudice.

---

[18] Because the Court finds that the 2008 Lease, as amended by the 2009 Amendment, created an option contract between the parties, East's refusal to exercise its option under that contract can never constitute a breach.

[19] *See Davis v. Wells Fargo*, 824 F. 3d 333, 352 (3d Cir. 2016).

[20] Complaint ¶ 56.

[21] Brief in Opposition (ECF No. 11) at 10 ("The Complaint pleads that the bonus was due in August[] 2010, which would require a lawsuit for breach of [the] covenant of good faith and fair dealing to have been brought by August[] 2014[.]").

[22] See *supra* footnote 18.

### D. Whether SWEPI Is Obligated to Pay $222,000 to the Allens Under the Doctrine of Promissory Estoppel

SWEPI argues that the Allens' promissory estoppel claim should be dismissed because an enforceable contract existed between East and the Allens.[23] In their brief, the Allens indicate that they are pursuing their promissory estoppel claim only as an alternative to their breach of contract claim—*i.e.*, only in the event that this Court finds that the 2008 Lease and 2009 Amendments did not create a binding contract between the parties.[24] As discussed above, a binding, enforceable contract *did* exist between the parties, in the form of an option contract.

Count III, therefore, will be dismissed. Because this Court finds that amendment would be futile,[25] that dismissal will be with prejudice.

---

[23] SWEPI cites, *inter alia*, *Carlson v. Arnot-Ogden Memorial Hosp.*, 918 F.2d 411, 416 (3d Cir. 1990) ("Generally, [the] doctrine [of promissory estoppel] is invoked in situations where the formal requirements of contract formation have not been satisfied and where justice would be served by enforcing a promise.").

[24] Brief in Opposition at 11 ("Deendants assert that the 2008 [] Lease never became effective because [East] did not pay the consideration, the [$122,000], to [the Allens]. Assuming that argument is upheld, [the Allens] may nevertheless seek to enforce their rights through the use of promissory estoppel.").

[25] As noted above, the Allens indicate that they are pursuing their promissory estoppel claim only as an alternative to their breach of contract claim, and only if this Court finds that no valid contract existing between East and the Allens. Because this Court has found that an enforceable contract existed between East and the Allens, and that East did not, as a matter of law, breach that contract, this Court cannot envision, under the Allen's theory of this claim, how the Allens could amend their promissory estoppel claim in a manner that would survive another motion to dismiss.

### E. Whether the Allens' Disparagement of Title Claim is Untimely

SWEPI argues that the Allens' disparagement of title claim is untimely. This Court agrees.

Under the law of Pennsylvania, disparagement of title claims are subject to a one-year statute of limitations.[26] The Allens' claim for title disparagement is based on the recording of various lease documents in Tioga County's Office of the Recorder of Deeds, which recording, according to SWEPI, occurred more than one year before the Allens filed their complaint in this matter.

In their brief, the Allens do not contend that they have brought their suit within the one-year statutory period. Instead, they argue that the one-year bar applies only to suits requesting monetary relief and that, because their complaint requests injunctive relief (*i.e.*, the removal of the leases from the public record), they are not subject to it. The Allens cite no authority for this proposition, nor can this Court find any.[27]

Count IV, therefore, will be dismissed. Because this Court finds that amendment would be futile,[28] that dismissal will also be with prejudice.

---

[26] *See Pro Golf Mfg., Inc. v. Tribune Review Newspaper Co.*, 570 Pa. 242, 246 (2002).

[27] The Allens may, however, be able to seek this relief through a quiet title action in state court. *See* Pennsylvania Rule of Civil Procedure 1061(b) (noting that a quiet title action "may be brought . . . to compel an adverse party to . . . cancel . . . any document . . . affecting any right, lien, title[,] or interest in land[.]").

[28] The Allens do not explain how they could amend this claim to bring it within the statutory limitations period, nor can this Court envision such an amendment.

## III. CONCLUSION

For the reasons discussed above, all claims in the Allens' complaint will be dismissed with prejudice. An appropriate order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge